UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

STEPHEN T. MITCHELL,

                Plaintiff,

      -against-

THE CITY OF NEW YORK,

                Defendant.

---

**<u>MEMORANDUM AND ORDER</u>**
23-cv-04466-LDH-LB

LASHANN DEARCY HALL, United States District Judge:

Stephen T. Mitchell ("Plaintiff"), proceeding pro se, brings the instant action against the City of New York ("Defendant") pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments. Defendant moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint in its entirety.

## BACKGROUND[1]

In September 2010, Plaintiff was charged with Grand Larceny in the Second Degree for mishandling estate funds from a sale of real property that Plaintiff was administering in King's County Surrogate's Court. (Am. Compl. ¶¶ 25, 112, ECF No. 12.) Plaintiff pleaded not guilty. (*Id.* ¶ 25.) On June 24, 2013, Plaintiff was convicted of Grand Larceny in the Second Degree, and on May 23, 2014, Plaintiff was sentenced to four to twelve years' imprisonment. (*Id.* ¶ 36.)

Plaintiff alleges that at different points during the pre-trial, trial, and post-trial proceedings, the Kings County District Attorney ("KDCA") and his agents knowingly violated

---

[1] The following facts are taken from the Amended Complaint and are assumed to be true for the purpose of this memorandum and order, unless otherwise indicated.

Plaintiff's constitutional rights.  (*Id.* ¶¶ 7–8.)  Specifically, Plaintiff claims that, in violation of the Fourteenth Amendment, state prosecutors presented to the grand jury the testimony of a witness whose memory had faded during pre-indictment delays.  (*Id.* ¶ 31.)  Plaintiff further alleges that prosecutors failed to disclose information about the witness's mental capacity, violating his Sixth Amendment right to present a complete defense.  (*Id.* ¶¶ 181–82, 217.) According to Plaintiff, state prosecutors also deliberately lost records that the trial court reviewed in an effort to evade appellate review.  (*Id.* ¶ 296.)

According to the complaint, the state prosecutor's policies and practices were designed to permit the alleged constitutional violations to which Plaintiff was subjected.  (*Id.* ¶ 316.) Specifically, Plaintiff alleges that KCDA's "policymaking officials . . . (1) acted with deliberate indifference to the constitutional rights" of criminal defendants and (2) "implemented or tolerated . . . inadequate policies . . . concerning [] constitutional duties . . . not to fabricate evidence" and to disclose potentially exculpatory material.  (*Id.* ¶ 319.)  Plaintiff further alleges that these practices persisted throughout former District Attorney Charles Hynes's tenure from 1990 through 2013.  (*Id.*. ¶¶ 324–53.)  Plaintiff alleges that Defendant City of New York "was plagued by institutional deficiencies that allowed a wanton and reckless culture to develop within the KCDA."  (*Id.* ¶ 320.)  Thus, according to Plaintiff, Defendant is liable, pursuant to *Monell v. Department of Social Services of the City of New York*, for KCDA's unconstitutional policies and practices.

On June 17, 2020, Plaintiff was released from New York State custody and placed on parole.  (*Id.* ¶ 37.)  On November 18, 2020, the New York State Appellate Division, Second Department denied Plaintiff's application for relief from the King County Supreme Court's

decision.  (*Id.* ¶ 38.)  And, on March 31, 2021, the Court of Appeals of the State of New York denied Plaintiff's request for leave to appeal the Second Department's decision.  (*Id.* ¶ 39.)

## STANDARD OF REVIEW

To survive a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court deciding whether to grant a motion to dismiss must "draw all reasonable inferences in [the plaintiff's] favor, assume all 'well-pleaded factual allegations' to be true, and 'determine whether they plausibly give rise to an entitlement to relief.'" *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 88 (2d Cir. 2009)) (internal citation omitted).  "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.  Further, a court is not obligated to accept a plaintiff's "conclusory allegations or legal conclusions masquerading as factual conclusions." *Faber*, 648 F.3d at 104 (quoting *Rolon v. Henneman*, 517 F.3d 140, 149 (2d Cir. 2008)).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)).  A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 55 U.S. 89, 94 (2007) (per curiam)).

**DISCUSSION**

**I.    Collateral Estoppel**

Defendant argues that the doctrine of collateral estoppel bars Plaintiff's claims in the

instant § 1983 action because the same issues regarding whether Plaintiff was denied a fair trial

were fully litigated in New York State court.  (Mem. L.in Supp. of Def.'s Mot. to Dismiss

("Def.'s Mem.") at 11–13, ECF No. 29.)  The Court agrees.

"Collateral estoppel precludes a party from relitigating in a subsequent action or

proceeding an issue clearly raised in a prior action or proceeding and decided against that party."

*Tracy v. Freshwater,* 623 F.3d 90, 99 (2d Cir. 2010) (citations and internal quotation marks

omitted).  State court judgments must "be given the same preclusive effect in federal court as

they would be given in courts of the state itself."  *West v. Ruff*, 961 F.2d 1064, 1065 (2d Cir.

1992) (citing *Allen v. McCurry*, 449 U.S. 90, 96 (1980)).  The doctrine of collateral estoppel may

therefore bar a plaintiff from bringing an action in federal court pursuant to 42 U.S.C. § 1983,

where the plaintiff would be precluded from litigating his claim in a New York State court.  *See*

*West*, 961 F.2d at 1065; *see also Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999).  Under New

York law, which is applicable here, collateral estoppel precludes a federal court from deciding an

issue if "(1) the issue in question was actually and necessarily decided in a prior proceeding, and

(2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the

issue in the first proceeding."  *McKithen v. Brown*, 481 F.3d 89, 105 (2d Cir. 2007) (internal

quotation marks omitted).

In this case, Plaintiff raises identical arguments as those he advanced in state court

appeals of his criminal conviction.  In bringing this § 1983 action, Plaintiff alleges that, at

different points during the pre-trial, trial, and post-trial proceedings, the KCDA knowingly

4

violated his constitutional rights.  (Compl. ¶¶ 7–8.)  Specifically, Plaintiff avers that the KCDA:
presented to the grand jury the testimony of a witness whose memory had faded during pre-
indictment delays, in purported violation of the Fourteenth Amendment, (*id.* ¶ 31), withheld
exculpatory evidence, and used false material evidence, in purported violation of the Sixth
Amendment (*id.* ¶¶ 5, 181–82, 217).  This Court need not look far to see that Plaintiff alleged the
very same in New York State court.  Indeed, Plaintiff himself recounts extensively his attempts
to appeal his conviction by contesting the constitutionality of the KDCA's trial practices.  (*Id.* ¶¶
276–310.)  In no fewer than 35 paragraphs, Plaintiff details his efforts to convince both the
intermediate appellate and highest New York State courts that prosecutors had violated his
constitutional rights.  (*See id.* ¶¶ 293–94 (contending that KCDA's use of testimony from a
witness of diminished mental capacity violated Fourteenth Amendment rights); *id.* ¶¶ 289, 305,
308 (contending that KCDA's alleged failure to disclose material evidence and use of false
evidence violated Sixth and Fourteenth Amendment rights).  And after considering Plaintiff's
constitutional claims, "[the Second Department] denied relief on November 18, 2020[,] and the
Court of Appeals of the State of New York denied leave to appeal [on] March 31, 2021."  (*Id.* ¶
310.)  That is, by Plaintiff's own account, the New York State courts concluded in no uncertain
terms that each of his constitutional claims was "without merit."  (*Id.* ¶¶ 297, 300, 304.)  Plaintiff
is estopped from relitigating those issues here.

  In an effort to avoid this conclusion, Plaintiff also argues that collateral estoppel does not
bar his § 1983 claim because the state courts did not decide whether Defendant is liable for
KCDA's alleged conduct.  (Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 7–9, ECF
No. 30.)  This argument is a nonstarter.  The Supreme Court has made plain that federal courts
should apply preclusion principles to § 1983 actions seeking to vindicate constitutional rights

that were previously decided in state court criminal proceedings. *Allen v. McCurry*, 449 U.S. at 101. The Court does so here.[2]

There is no question, therefore, that Plaintiff was afforded a full and fair opportunity to raise his constitutional claims. Nor is there any question that the New York State courts actually decided whether Plaintiff received a fair trial, consistent with the dictates of the United States Constitution. And it is axiomatic that such a determination was necessary to support the validity and finality of the state court's judgment against Plaintiff. The Court thus finds that the doctrine of collateral estoppel bars Plaintiff's instant claims. Accordingly, the complaint must be dismissed.

---

[2] Plaintiff also argues that collateral estoppel does not bar his instant Equal Protection claim because he did not raise this claim in state court. (Pl.'s Opp'n at 7.) But Plaintiff does not actually advance an Equal Protection claim for this Court to consider. To plead a violation of the Equal Protection Clause based on selective enforcement, a plaintiff must allege (1) that he, compared with others similarly situated, was selectively treated, and (2) that such selective treatment was based on impermissible considerations such as race. *Zahra v. Town of Southold*, 48 F.3d 674, 683 (2d Cir. 1995) (citations omitted). Conclusory allegations of selective treatment may not survive a motion to dismiss. Plaintiff alleges that his conviction resulted from the racially discriminatory nature of KCDA's practices. (Compl. ¶¶ 389–90.) But, as Defendant points out, Plaintiff does not plead a single fact showing that he was treated differently from any similarly situated individuals. Such failure is fatal to Plaintiff's purported Equal Protection claim. (*See* Def.'s Mem at 8.) Thus, Plaintiff's Equal Protection claim is dismissed for failure to state a claim.

**CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's claims is

GRANTED.


                                        SO ORDERED.

Dated: Brooklyn, New York              /s/ LDH
       March 31, 2025                  LASHANN DEARCY HALL
                                       United States District Judge